UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Natasha Athens d/b/a
Favorite Things

    v.                       Case No. 21-cv-748-SM

Bank of America and
Megan Scholz

**ORDER**

Pro se plaintiff Natasha Athens, d/b/a Favorite Things, proceeding in forma pauperis, has sued Bank of America ("BOA") and BOA Vice President Megan Scholz. Ms. Athens contends that the defendants improperly refused to forgive a loan she obtained pursuant to the COVID-19 pandemic-related Paycheck Protection Program ("PPP"). Ms. Athens's complaint is before the court for preliminary review under 28 U.S.C. §1915(e)(2).

**Standard**

This court conducts a preliminary review of complaints filed in forma pauperis. See 28 U.S.C. §1915(e)(2). Claims may be dismissed sua sponte, if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See id. In considering whether the complaint states a claim, the court determines whether, stripped of legal

conclusions and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief'" or state a claim upon which relief can be granted. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). In undertaking this review, the court is mindful that pro se complaints must be construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## Background

Created in 2020 under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), as an emergency measure to combat the economic damage of the COVID-19 pandemic, the PPP was "designed to give loans to eligible businesses and, if the loaned funds are used for specified expenses, to allow those loans to be forgiven." In re: Gateway Radiology Consultants P.A., 983 F.3d 1239, 1247 (11th Cir. 2020). Obtaining loan forgiveness for forgivable expenses paid or incurred is a separate process in which the borrower applies to the PPP lender. Savage v. U.S. Small Bus. Admin., No. 21-CV-0153-MSM-PAS, 2021 WL 3406387, at *2 (D.R.I. Aug. 4, 2021). Once the borrower applies for loan forgiveness, the lender has 60 days to determine whether the "borrower is entitled to forgiveness of some or all of the amount applied for . . . ." Id. (quoting 85

Fed Reg. 38,306).  The lender then submits its determination to the Small Business Administration ("SBA") and requests payment from the SBA for any amounts for which the borrower is entitled to forgiveness.  85 Fed. Reg. 33,005.  Within 90 days, the SBA makes a final determination of the forgivable PPP expenses and remits such amounts to the lender.  Id.

Plaintiff alleges that, on behalf of her business, she received a PPP loan of $18,625 in May 2020.  Compl. (Doc. No. 1) at 4-5.  She then proceeded to use the funds in accordance with all appropriate guidelines.  Id. at 5.  Ms. Athens further alleges that in July 2021 she was notified that her loan would be forgiven in full.  Id. at 9-10.  Contrary to this notification, plaintiff claims, defendant Scholz notified plaintiff on August 9, 2021 that she had reduced the forgiveness amount to zero "after closer review of the documents provided." Id. at 10.  Later, Scholz indicated that she would change the forgiveness amount to one dollar, in order to facilitate plaintiff's ability to pursue an appeal.  Id.  Plaintiff alleges that her first loan repayment is due on October 14, 2021.  Id. at 14.

Ms. Athens alleges that the defendants have no legitimate reason to deny forgiveness of the entire loan and that the denial is a fraudulent attempt to increase BOA's profits.

Plaintiff alleges that the defendants' actions have destroyed her business and caused her emotional distress.

### Claims

Construed liberally, the complaint contains the following state law claims: 1) fraud[1]; 2) breach of contract; and 3) intentional infliction of emotional distress.

### Service

Accordingly, the court directs that the complaint be served upon the defendants at the addresses provided on plaintiff's summonses. (Doc. Nos. 8 and 9). The court's determination that the complaint should be served is issued without prejudice to the defendant's ability to move to dismiss this action on any proper basis.[2]

---

[1] The court notes that the asserted claim is one for common law civil fraud, not criminal fraud, as the latter does not provide a private right of action. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

[2] Plaintiff invokes the court's diversity jurisdiction. See 28 U.S.C. § 1332. She appears to be a citizen of New Hampshire, while the defendants do not. In addition, her allegations of compensatory damages and emotional distress are sufficient, at this stage of the litigation, to meet her "burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount" necessary to support diversity jurisdiction, $75,000. Mojtabai v. Mojtabai, 4 F.4th 77, 83–84

**Conclusion**

The clerk's office is directed to prepare and issue summonses for defendants Bank of America and Megan Scholz. After issuing the summonses, the clerk's office is directed to provide the summonses, copies of the complaint (Doc. No. 1), and this Order, to the U.S. Marshals Service ("USMS") for service. The USMS is directed to effect service pursuant to Fed. R. Civ. P. 4 and 28 U.S.C. § 1915(d).

The defendants shall respond to the complaint within 30 days of the date of service on the latest-served defendant.

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

October 4, 2021

cc:  Natasha Athens, pro se

---

(1st Cir. 2021) (quoting Dep't of Recreation & Sports v. World Boxing Ass'n, 942 F.2d 84, 88 (1st Cir. 1991)).