UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| NATASHA ATHENS d/b/a Favorite Things,<br><br>   Plaintiff,<br><br>v.<br><br>BANK OF AMERICA and MEGAN SCHOLZ,<br><br>   Defendants. | Civil Action No. 1:21-cv-00748-SM |

**DEFENDANTS BANK OF AMERICA, N.A. AND MEGAN SCHOLZ'S
RESPONSE TO PLAINTIFF'S MOTION TO SEAL EXHIBITS**

NOW COME defendants Bank of America, N.A.[1] and Megan Scholz ("Defendants"), by and through their attorneys, Primmer Piper Eggleston & Cramer PC, and hereby respectfully responds to Plaintiff's Motion to Seal (Doc. #36) (the "Motion") as follows:

**A.  Defendants Did not Violate 26 U.S. Code § 7213.**

1. 26 U.S. Code § 7213 (Unauthorized Disclosure of Information) provides that it shall be unlawful for officers or employees of the United States or "any person described in §6103(n)" to willfully disclose any tax return or return information.

2. 26 U.S. Code § 6103 (Confidentiality and Disclosure of Returns and Return Information) provides that in certain circumstances, tax returns and return information shall be confidential.  Section 6103(a) provides that the confidentiality obligations applies to three categories of persons:

  (a) Officers or employees of the United States;

---

[1] Incorrectly named in Plaintiff's Complaint as "Bank of America."

1

>   (b)   Offices or employees of any State, or certain local agencies, who receive access to tax returns or return information under certain subsections of § 6103; and
>
>   (c)   Other persons (or their officers and employees) who obtain access to tax returns or return information under certain subsections of § 6103.

*See* 26 U.S. Code § 6103(a); *see also Teno v. Iwanski,* 464 F. Supp. 3d 924, 938-939 (E.D. Tenn. 2020). The Seventh Circuit Court of Appeals has described these three categories of persons as "employees of the IRS, state employees to whom the IRS makes authorized disclosures, and private persons who obtained tax return information from the IRS with strings attached." *See Hrubec v. Nat'l R.R. Passenger Corp.,* 49 F.3d 1269, 1270 (7th Cir. 1995) (discussing earlier version of the statute).

   3.   Numerous courts have held that unless a party comes within one of the three categories of persons under § 6103(a), there can be no violation of § 6103 and there can be no claim under § 7431 and thus no violation under § 7213. *See Teno v. Iwanski,* 464 F. Supp. 3d 924 (E.D. Tenn. 2020); *Dietl v. Mirage Resorts, Inc.*, 180 F. Supp. 2d 1150 (D. Nev. 2002); *Hrubec v. Nat'l R.R. Passenger Corp.,* 49 F.3d 1269 (7th Cir. 1995).

   4.   As the court in *Dietl v. Mirage Resorts, Inc.* noted, "[c]ontrary to Plaintiff's claim that sections 7431 and 6103 authorize actions against anyone who examines or distributes tax return information without authorization, the Ninth Circuit clearly declared in *Stokwitz v. U.S.,* 831 F.2d 893 (9th Cir.1987), that section 6103 was designed 'to curtail loose disclosure practices by the IRS.' *Id.* at 894. 'That is as far as the statute goes. Contrary to appellant's contention there is no indication ... that Congress intended to enact a general prohibition against public disclosure of tax information.'" *Id.* at 896.

5.   Here, Defendants are not parties within one of the three categories of persons under § 6103(a), and therefore, Defendants have no obligation to keep Plaintiff's returns or return information confidential pursuant to § 6103(a).

6.   Moreover, once a party makes the information in their tax return an issue in the litigation, they can no longer claim that their tax return information is confidential. *See Star v. Rogalny,* 22 F.R.D. 256 (E.D. Ill. 1958); *Currier v. Allied New Hampshire Gas Co.,* 101 N.H. 205, 137 A.2d 405 (1957).  Here, Plaintiff has made the information in her tax return an issue in the case by claiming that based upon that information she was entitled to receive a PPP loan and that her PPP loan must be forgiven under the CARES Act.

**B.   Assent to Sealing the Exhibits.**

7.   Although the tax return information within the Exhibits to Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss are not confidential, Defendants nevertheless assent to Plaintiff's request to seal the exhibits.

WHEREFORE, Defendants respectfully request that the Court:

A.   Grant the Motion to the limited extent that the exhibits are placed under seal;

B.   Deny any other request made or inferred by the Motion; and

C.   Grant such other relief as the Court deems just.

Respectfully submitted,

BANK OF AMERICA, N.A. and MEGAN SCHOLZ

By their attorneys,

PRIMMER PIPER EGGLESTON & CRAMER PC

Dated: November 16, 2021    By:    */s/ Thomas J. Pappas*
Thomas J. Pappas, Esq., N.H. Bar No. 4111
P.O. Box 3600
Manchester, NH 03105-3600
(603) 626-3300
tpappas@primmer.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANTS BANK OF AMERICA, N.A. AND MEGAN SCHOLZ'S RESPONSE TO PLAINTIFF'S MOTION TO SEAL EXHIBITS has this day been forwarded via the Court's Electronic Case Filing System to:

Natasha Athens
Natasha4NHGov@protonmail.com

Dated: November 16, 2021    By:    */s/ Thomas J. Pappas*
Thomas J. Pappas, Esq., (N.H. Bar No. 4111)

4

*5066507.2*