UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| NATASHA ATHENS d/b/a Favorite Things,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA and MEGAN SCHOLZ,<br><br>    Defendants. | Civil Action No. 1:21-cv-00748-SM |

**DEFENDANTS BANK OF AMERICA, N.A. AND MEGAN SCHOLZ'S OBJECTION TO PLAINTIFF'S MOTION TO QUASH DEFENDANTS' MOTION TO DISMISS**

NOW COME defendants Bank of America, N.A.[1] and Megan Scholz ("Defendants"), by and through their attorneys, Primmer Piper Eggleston & Cramer PC, and, object to the Plaintiff's Motion to Quash Defendants' Motion to Dismiss (Doc. #37)[2] (the "Motion") as follows:

**A.**  **Plaintiff is Mistaken About Service of Pleadings.**

1.  Fed. R. Civ. P. 5(b) authorizes the Courts to establish practices and procedures for the filing, signing, service, maintenance, and verification of documents by electronic means.

2.  Under Fed. R. Civ. P. 5(d)(3), the clerk's office will accept papers filed, signed, or verified by electronic means that are consistent with technical standards that the Judicial Conference of the United States establishes, and that comply with procedures for electronic filing established by the court.

---

[1] Incorrectly named in Plaintiff's Complaint as "Bank of America."
[2] Doc. 37 replaced Doc. 35. *See* NOTICE of ECF Filing Error re: [35] Supplemental MOTION to Dismiss dated November 12, 2021.

1

3. The U.S. District Court for the District of New Hampshire adopted Supplemental Rules for Electronic Case Filing as Administrative Procedures June 1, 2004 Incorporated as Supplement to Local Rules December 1, 2011, as amended Through December 1, 2019.

4. AP 2.2 (Consequences of Electronic Filing) provides as follows:

(a) Filing Defined. The electronic filing of a document through ECF consistent with the ECF Administrative Procedures and rules of court, together with the transmission of a Notice of Electronic Filing from the court's ECF system, constitutes filing for all purposes of the Federal Rules of Civil/Criminal Procedure and local rules of this court.

(b) Confirmation of Court Filing. A document electronically filed through the court's ECF transmission facilities shall be deemed filed on the date and time stated on the Notice of Electronic Filing received from the court.

(c) Official Record. Except as provided herein, the clerk's office will not maintain a paper court file in any ECF case. The official court record shall be the electronic file maintained on the court's servers together with any paper documents filed in accordance with these procedures.

5. AP 2.8(a) (Service of Electronically Filed Documents) provides that "[t]he ECF system generated Notice of Electronic Filing constitutes proof of service upon a Filing User in accordance with the Fed. R. Civ. P. 5(d)."

6. AP 2.1(d) (Pro Se Litigants) provides that:

A non-incarcerated pro se litigant in a pending case may apply to the court for permission to file documents electronically using ECF on a form prescribed by the clerk's office.  If the court initially grants a pro se litigant permission to file documents electronically, that permission is limited to the case specified and the court may withdraw that permission at any time during the pendency of a case.

7. On August 30, 2021, Plaintiff signed and filed with the Court her "Pro Se Motion to Participate in Electronic Filing."  Doc. #3.

8. On September 7, 2021, the Court granted Plaintiff's Motion to Participate in Electronic Filing.

9. In her Motion to Participate in Electronic Filing, Plaintiff stated that "I understand that hard copies will no longer be issued by the court or opposing counsel."

10. Pursuant to the Court's Supplemental Rules for Electronic Case Filing, the undersigned filed his appearance for Defendants (Doc. 19) and timely filed Defendants' Motion to Dismiss (Doc. 33) in response to Plaintiff's Complaint, serving Plaintiff through the Court's Electronic Filing system, which utilizes the e-mail address plaintiff provided to the Court.

11. Based upon Plaintiff's pleadings it is clear that Plaintiff has received all filings by Defendants, which constitutes proof of service under AP 2.8.

12. Accordingly, Plaintiff's Motion to Quash Defendants' Motion to Dismiss should be denied.

WHEREFORE, Defendants respectfully request that the Court:

A. Deny Plaintiff's Motion to Quash Defendants' Motion to Dismiss;

B. Deny any other request made or inferred by the Motion; and

C. Grant such other relief as the Court deems just.

Respectfully submitted,

BANK OF AMERICA, N.A. and MEGAN SCHOLZ

By their attorneys,

PRIMMER PIPER EGGLESTON & CRAMER PC

Dated: November16, 2021   By:   */s/ Thomas J. Pappas*
Thomas J. Pappas, Esq., N.H. Bar No. 4111
P.O. Box 3600
Manchester, NH 03105-3600
(603) 626-3300
tpappas@primmer.com

## **CERTIFICATE OF SERVICE**

   I hereby certify that a copy of the foregoing DEFENDANTS BANK OF AMERICA, N.A. AND MEGAN SCHOLZ'S OBJECTION TO PLAINTIFF'S MOTION TO QUASH DEFENDANTS' MOTION TO DISMISS has this day been forwarded via the Court's Electronic Case Filing System to:

Natasha Athens
Natasha4NHGov@protonmail.com


Dated: November 16, 2021  By: */s/ Thomas J. Pappas*
             Thomas J. Pappas, Esq., (N.H. Bar No. 4111)

4

*5066619.1*