UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| NATASHA ATHENS d/b/a Favorite Things,<br><br>  Plaintiff,<br><br>v.<br><br>BANK OF AMERICA and MEGAN SCHOLZ,<br><br>  Defendants. | Civil Action No. 1:21-cv-00748-SM |

### DEFENDANTS BANK OF AMERICA, N.A. AND MEGAN SCHOLZ'S REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants Bank of America, N.A.[1] and Megan Scholz ("Defendants"), by and through their attorneys, Primmer Piper Eggleston & Cramer PC, respectfully submit this reply brief in support of their November 9, 2021 Motion to Dismiss the September 3, 2021 Complaint (the "Complaint"), filed by Natasha Athens d/b/a Favorite Things ("Plaintiff"), appearing pro se. Doc. No. 33. Plaintiff filed an Objection to Defendants' Motion on November 11, 2021. Doc. No. 34 ("Objection"). Plaintiff's Objection fails to address *any* of the legal arguments set forth in Defendants' Motion to Dismiss. The sole argument it does advance—that Defendants' motion was not properly served on Plaintiff—is baseless, as set forth more fully in Defendants' Objection to Plaintiff's Motion to Quash, which is filed concurrently herewith (Doc. No. 40). The Court should, therefore, grant Defendants' Motion to dismiss in its entirety.

**A.    Plaintiff Is Mistaken About Service of Pleadings.**

Plaintiff contends that Defendants' Motion to Dismiss fails because it was not properly served on Plaintiff. This is the exact same argument Plaintiff makes in her Motion to Quash

---

[1] Incorrectly named in Plaintiff's Complaint as "Bank of America."

Defendants' Motion to Dismiss. ECF No. 37.[2] As discussed more fully in Defendants' Objection to that motion, filed concurrently herewith, Plaintiff has been properly served with all filings via CM/ECF in accordance with U.S. District Court for the District of New Hampshire rules. *See* Doc. No. 40.

**B.      Plaintiff Fails to Dispute Any of the Legal Arguments in Defendants' Memorandum in Support of Their Motion to Dismiss.**

Plaintiff's Objection fails to respond to any of the legal arguments set forth in Defendants' Memorandum in Support of their Motion to Dismiss.

Specifically, the Objection fails to explain why Plaintiff's central contention—that Defendants improperly denied her PPP loan forgiveness application—is actionable. As Defendants explained in their Motion to Dismiss, Plaintiff's loan forgiveness application was denied because the documents she submitted in support of her forgiveness request—which are incorporated by reference into Plaintiff's complaint—confirmed she was not entitled to loan forgiveness pursuant to the clear and unambiguous rules promulgated by the Small Business Administration ("SBA"). In addition, the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, which established the PPP, does not create a private right of action. Nor does Plaintiff address Defendants' citations to the CARES Act and its accompanying SBA regulations, which clearly and unequivocally state that PPP loan forgiveness is not guaranteed and any funds not eligible for forgiveness must be repaid.

Plaintiff also fails to address Defendants' assertions that her claims are inadequately pled. Defendants argued that Plaintiff's fraud claim fails to state a claim on which relief can be granted with the specificity required under Federal Rules of Civil Procedure 12(b)(6) and 9(b) because

---

[2] Doc. 37 replaced Doc. 35. *See* NOTICE of ECF Filing Error re: [35] Supplemental MOTION to Dismiss dated November 12, 2021.

Plaintiff fails to identify *any* fraudulent statement Defendants allegedly made, let alone the who, what, where, and when regarding any such misrepresentation. Plaintiff's breach of contract claim fails to specify which contract—and the specific provision of the contract—Defendants allegedly breached. And Plaintiff's intentional infliction of emotional distress claim lacks any of the requisite detail necessary to satisfy the high bar of asserting such a claim.

Because Plaintiff failed to respond to any of these legal arguments, Plaintiff's Objection should be disregarded and Defendants' Motion to Dismiss granted.

**C.     Conclusion**

For the foregoing reasons, the reasons set forth in Defendants' Memorandum in Support of their Motion to Dismiss, and the reasons set forth in the concurrently filed Defendants' Objection to Plaintiff's Motion to Quash Defendants' Motion to Dismiss, the Court should grant Defendants' motion and dismiss Plaintiff's Complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b).

Respectfully submitted,

BANK OF AMERICA, N.A. and MEGAN SCHOLZ

By their attorneys,

PRIMMER PIPER EGGLESTON & CRAMER PC,

Dated: November 16, 2021   By:   */s/ Thomas J. Pappas*
Thomas J. Pappas, Esq., N.H. Bar No. 4111
P.O. Box 3600
Manchester, NH 03105-3600
(603) 626-3300
tpappas@primmer.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing DEFENDANTS BANK OF AMERICA, N.A. AND MEGAN SCHOLZ'S REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS has this day been forwarded via the Court's Electronic Case Filing System to:

Natasha Athens
Natasha4NHGov@protonmail.com

Dated: November 16, 2021    By:  */s/ Thomas J. Pappas*
                                          Thomas J. Pappas, Esq., (N.H. Bar No. 4111)

*5069169.2*