UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| NATASHA ATHENS d/b/a Favorite Things,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA and MEGAN SCHOLZ,<br><br>    Defendants. | Civil Action No. 1:21-cv-00748-SM |

**DEFENDANTS BANK OF AMERICA, N.A. AND MEGAN SCHOLZ'S SURREPLY TO PLAINTIFF'S RESPONSE (REPLY) TO DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR IMMEDIATE SEALING OF EXHIBITS**

NOW COME defendants Bank of America, N.A.[1] and Megan Scholz ("Defendants"), by and through their attorneys, Primmer Piper Eggleston & Cramer PC, and hereby respectfully files this surreply to Plaintiff's Response (Reply) (Doc. #44) to Defendants' Response (Doc. #41) to Plaintiff's Request for Immediate Sealing of Exhibits (Doc. #38).

**A.     Defendants' Timely Responded to the Complaint.**

1.  In Plaintiff's Request for Immediate Sealing of Exhibits (Doc. #38), Plaintiff complained about the redaction of personal identifiers.

2.  In Plaintiff's Reply (Doc. #44), Plaintiff now argues that Defendants cannot respond to her request for immediate sealing of documents because the Court should enter a default judgment against Defendants for failure to respond to Plaintiff's Complaint. It appears that Plaintiff believes that service of pleadings through the Court's electronic filing system does not

---

[1] Incorrectly named in Plaintiff's Complaint as "Bank of America."

1

constitute service under the Federal Rules of Civil Procedure, and that Defendants must serve all pleadings directly to Plaintiff (by hand or perhaps by mail).  Plaintiff again is mistaken.

3. Fed. R. Civ. P. 5(b) authorizes the Courts to establish practices and procedures for the filing, signing, service, maintenance, and verification of documents by electronic means.

4. Under Fed. R. Civ. P. 5(d)(3), the clerk's office will accept papers filed, signed, or verified by electronic means that are consistent with technical standards that the Judicial Conference of the United States establishes, and that comply with procedures for electronic filing established by the court.

5. The U.S. District Court for the District of New Hampshire adopted Supplemental Rules for Electronic Case Filing as Administrative Procedures June 1, 2004 Incorporated as Supplement to Local Rules December 1, 2011, as amended Through December 1, 2019.

6. AP 2.2 (Consequences of Electronic Filing) provides as follows:

(a) Filing Defined. The electronic filing of a document through ECF consistent with the ECF Administrative Procedures and rules of court, together with the transmission of a Notice of Electronic Filing from the court's ECF system, constitutes filing for all purposes of the Federal Rules of Civil/Criminal Procedure and local rules of this court.

(b) Confirmation of Court Filing. A document electronically filed through the court's ECF transmission facilities shall be deemed filed on the date and time stated on the Notice of Electronic Filing received from the court.

(c) Official Record. Except as provided herein, the clerk's office will not maintain a paper court file in any ECF case. The official court record shall be the electronic file maintained on the court's servers together with any paper documents filed in accordance with these procedures.

7. AP 2.8(a) (Service of Electronically Filed Documents) provides that "[t]he ECF system generated Notice of Electronic Filing constitutes proof of service upon a Filing User in accordance with the Fed. R. Civ. P. 5(d)."

8. AP 2.1(d) (Pro Se Litigants) provides that:

A non-incarcerated pro se litigant in a pending case may apply to the court for permission to file documents electronically using ECF on a form prescribed by the clerk's office. If the court initially grants a pro se litigant permission to file documents electronically, that permission is limited to the case specified and the court may withdraw that permission at any time during the pendency of a case.

9. On August 30, 2021, Plaintiff signed and filed with the Court her "Pro Se Motion to Participate in Electronic Filing." Doc. #3.

10. On September 7, 2021, the Court granted Plaintiff's Motion to Participate in Electronic Filing.

11. In her Motion to Participate in Electronic Filing, Plaintiff stated that "I understand that hard copies will no longer be issued by the court or opposing counsel."

12. Pursuant to the Court's Supplemental Rules for Electronic Case Filing, the undersigned filed his appearance for Defendants (Doc. 19) and timely filed Defendants' Motion to Dismiss (Doc. 33) in response to Plaintiff's Complaint, serving Plaintiff through the Court's Electronic Filing system, which utilizes the e-mail address plaintiff provided to the Court.

13. Accordingly, there is no basis to enter default judgment against Defendants.

**B.     Assent to Sealing the Exhibits.**

14. As previously indicated, although Plaintiff's personal identifiers within the exhibits filed in support of Defendants' motion to dismiss were properly redacted, and that Defendants timely responded to Plaintiff's Complaint, Defendants nevertheless assent to Plaintiff's request to seal the exhibits.

WHEREFORE, Defendants respectfully request that the Court:

A. Grant the Motion to the limited extent that the exhibits are placed under seal;

B. Deny any other request made or inferred by the Motion; and

C.      Grant such other relief as the Court deems just.

                    Respectfully submitted,

                    BANK OF AMERICA, N.A. and MEGAN SCHOLZ

                    By their attorneys,

                    PRIMMER PIPER EGGLESTON & CRAMER PC

Dated: November 19, 2021   By:   */s/ Thomas J. Pappas*
                                        Thomas J. Pappas, Esq., N.H. Bar No. 4111
                                        P.O. Box 3600
                                        Manchester, NH 03105-3600
                                        (603) 626-3300
                                        tpappas@primmer.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing DEFENDANTS BANK OF AMERICA, N.A. AND MEGAN SCHOLZ'S SURREPLY TO PLAINTIFF'S RESPONSE (REPLY) DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR IMMEDIATE SEALING OF EXHIBITS REQUEST FOR IMMEDIATE SEALING OF EXHIBITS has this day been forwarded via the Court's Electronic Case Filing System to:

Natasha Athens
Natasha4NHGov@protonmail.com


Dated: November 19, 2021   By:  */s/ Thomas J. Pappas*
                                       Thomas J. Pappas, Esq., (N.H. Bar No. 4111)