```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Natasha Athens,
d/b/a Favorite Things

    v.                                      Case No. 21-cv-748-SM

Bank of America

ORDER

Plaintiff's responses to the pending motion to dismiss do not address the points raised in the motion. Plaintiff is pro se and while her pleadings are lengthy, they do not adequately describe her legal claims or the factual bases for those claims. She seems to be suggesting that the loan she received under the PPP program has been incorrectly deemed ineligible for forgiveness under that program, but does not say why that might be so. For it's part, the bank also does not make it clear why, precisely, that it's determination (or the SBA's determination) that the described loan does not qualify for forgiveness under the program is so plainly correct as to warrant dismissal. At bottom, this case appears to be an effort by plaintiff to challenge the determination that the loan is not entitled to forgiveness under the law. Given plaintiff's pro se status, the court will extend her a further opportunity to respond to the motion to dismiss by specifically addressing her apparent claim that her PPP loan is entitled to forgiveness by clearly pointing out those factors that establish that entitlement under the applicable law and regulations.

Plaintiff and defendants may, but are not required to, file a short and concise supplemental brief on or before December 24, 2021.

The court notes that plaintiff has filed an interlocutory appeal seeking to challenge the denial of her motions for recusal by the undersigned and the magistrate judge.

"Ordinarily, a district judge's refusal to recuse is reviewable only on appeal of a final judgment, as the collateral order doctrine does not apply.  Nevertheless, in unusual situations, interim review of such refusal is available through writ of mandamus.  See In re Cargill, Inc., 66 F.3d 1256, 1260 (1st Cir. 1995) (collecting cases). *** In all events, in recusal cases, mandamus is almost always withheld – we do not say always – unless the petitioner demonstrates that it is 'clearly' entitled to relief. See Cargill, 66 F.3d at 1262." In re Martinez-Catala, et al., 129 F.3d 213, 217-18 (1st Cir. 1997).  Accordingly, plaintiff's having noted an interlocutory appeal does not operate to divest this court of continuing jurisdiction over this case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

Date: December 6, 2021

cc:   Natasha Athens, pro se
      Thomas J. Pappas, Esq.

2