UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| NATASHA ATHENS d/b/a Favorite Things, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:21-cv-00748-SM |
| ) | |
| BANK OF AMERICA and MEGAN SCHOLZ, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS BANK OF AMERICA, N.A. AND MEGAN SCHOLZ'S
SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Defendants Bank of America, N.A.[1] ("BofA") and Megan Scholz (together, "Defendants"), by and through their attorneys, Primmer Piper Eggleston & Cramer PC, respectfully submit this supplemental brief in support of their November 9, 2021 Motion to Dismiss (the "Motion") (Doc. No. 33) the Complaint (the "Complaint") (Doc. No. 1). The Court's December 6, 2021 Order allowed the parties to file a "supplemental brief" addressing Plaintiff's "apparent claim that her PPP loan is entitled to forgiveness" under the applicable law and regulations governing the Paycheck Protection Program ("PPP"). Doc. No. 60 ("Order") at 1. The following further clarifies why Plaintiff was not entitled to forgiveness of her PPP loan and that her claims fail and are subject to dismissal.

**A.  Defendants Correctly Determined that Plaintiff Was Not Entitled to Forgiveness of Her PPP Loan.**

As part of the PPP loan forgiveness process, the Small Business Administration ("SBA") requires lenders to, among other things, "confirm the borrower's calculations . . . including the

---

[1] Incorrectly named in Plaintiff's Complaint as "Bank of America."

1

dollar amount of the Payroll Costs, . . . by reviewing the documentation submitted with the" borrower's forgiveness application. *See* July 23, 2020 SBA Lender Procedural Notice, Control No. 5000-20038. If the lender "determines a borrower was ineligible for any portion of its loan amount, forgiveness will be denied for the ineligible portion and the borrower must begin making payments on the remaining loan amount." January 15, 2021 SBA Lender Procedural Notice, Control No. 5000-20078; *see also* Doc. No. 33-1 at 12–14.

The SBA has released guidance to determine maximum PPP loan eligibility.[2] SBA guidance provides a number of possible ways to calculate maximum PPP loan eligibility, depending, for example, on the type of business and the number of employees. Sole proprietors with employees who determine their maximum PPP loan eligibility based on net profits, like Plaintiff, calculate their loan based on Question 2 of the SBA's guidance, which instructs borrowers to calculate maximum PPP loan eligibility as follow:[3]

- **Step 1**: Compute your 2019[4] payroll costs by adding the following:
    - 2019 IRS Form 1040 Schedule C line 31 net profit amount:
        - if this amount is over $100,000, reduce it to $100,000,
        - if this amount is less than zero, set this amount at zero;
    - 2019 gross wages and tips paid to your employees whose principal place of residence is in the United States, up to $100,000 per employee, which can be computed using:

---

[2] Office of Capital Access, *How To Calculate Maximum Loan Amounts – By Business Type*, Small Business Administration (Apr. 24, 2020), https://www.sba.gov/sites/default/files/2020-04/How-to-Calculate-Loan-Amounts.pdf. The SBA updated this document several times, most recently on March 12, 2021. *See* Office of Capital Access, *How to Calculate Maximum Loan Amounts for First Draw PPP Loans and What Documentation to Provide – by Business Type*, Small Business Administration (March 12, 2021), https://www.sba.gov/sites/default/files/2021-03/HowtoCalculateFirstDrawLoanAmountsFAQs-3.12.21-508.pdf.

[3] *See* Office of Capital Access, *How to Calculate Maximum Loan Amounts for First Draw PPP Loans and What Documentation to Provide – by Business Type*, Small Business Administration (March 12, 2021), at 2–3   https://www.sba.gov/sites/default/files/2021-03/HowtoCalculateFirstDrawLoanAmountsFAQs-3.12.21-508.pdf.

[4] Borrowers could also compute maximum PPP loan eligibility using 2020 tax returns.

- 2019 IRS Form 941 Taxable Medicare wages & tips (line 5c-column 1) from each quarter,
- Plus any pre-tax employee contributions for health insurance or other fringe benefits excluded from Taxable Medicare wages & tips, and
- Minus (i) any amount paid to any individual employee in excess of $100,000, and (ii) any amounts paid to any employee whose principal place of residence is outside the United States;

  o 2019 employer contributions for employee group health, life, disability, vision, and dental insurance (the portion of IRS Form 1040 Schedule C line 14 attributable to those contributions);

  o 2019 employer contributions to employee retirement plans (IRS Form 1040 Schedule C line 19); and

  o 2019 employer state and local taxes assessed on employee compensation, primarily state unemployment insurance tax (from state quarterly wage reporting forms).

- **Step 2**: Calculate the average monthly payroll costs amount (divide the amount from Step 1 by 12).
- **Step 3**: Multiply the average monthly payroll costs amount from Step 2 by 2.5.
- **Step 4**: Add the outstanding amount of any [Economic Injury Disaster Loan ("EIDL")] made between January 31, 2020 and April 3, 2020 that you seek to refinance. Do not include the amount of any advance under an EIDL COVID-19 loan (because it does not have to be repaid). . . .

As required by the SBA, BofA reviewed the two relevant documents submitted by Plaintiff: (1) her 2019 IRS Form 1040 Schedule C ("Schedule C"), Doc. No. 33-7, and (2) her 2019 Fourth Quarter IRS Form 941 ("Form 941"), Doc. No. 33-8. These documents establish precisely why Plaintiff is not entitled to forgiveness of her PPP loan.

In accordance with Step 1 of the SBA's guidance, BofA reviewed: (1) line 31 of Plaintiff's Schedule C, which is 0; (2) the Taxable Medicare wages & tips (line 5c-column 1) of Plaintiff's Form 941, which is blank; (3) line 14 of Plaintiff's Schedule C, which is blank; and (4) line 19 of Plaintiff's Schedule C, which is blank. *See* Doc. Nos. 33-7, 33-8. Plaintiff did not submit any other documentation reflecting eligible payroll expenses or other costs incurred by Plaintiff in 2019 or 2020. Based upon the SBA's guidance and the documents submitted by Plaintiff,

3

Plaintiff's maximum PPP loan eligibility at Step 1 is 0. Because Step 1 is 0, Steps 2 and 3 must also be 0. And regarding Step 4, Plaintiff submitted no documentation that it received an EIDL.[5]

Based on the documents submitted by Plaintiff, her maximum PPP loan eligibility is 0. Plaintiff has failed to provide any documentation to BofA suggesting otherwise. Because BofA was required to deny forgiveness for any "ineligible portion" of a disbursed PPP loan, BofA had no choice but to inform Plaintiff that she was ineligible for forgiveness of her PPP loan. *See* January 15, 2021 SBA Lender Procedural Notice, Control No. 5000-20078; Doc. No. 33-1 at 12–14.

Because Plaintiff was not entitled to forgiveness of her PPP loan, her claims necessarily fail.[6]

**B.     Conclusion**

For the foregoing reasons and the reasons set forth in Defendants' Memorandum in Support of the Motion to Dismiss, Reply Brief in Support of the Motion to Dismiss, and Objection to Plaintiff's Motion to Quash Defendants' Motion to Dismiss, the Court should grant Defendants' Motion and dismiss Plaintiff's Complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b).

---

[5] As part of the loan calculation process, borrowers were entitled to refinance the outstanding balance of any EIDL (a separate SBA loan program) made between January 31, 2020 and April 3, 2020, up to $10,000. *See* 85 Fed. Reg. 20,811, 20,814.

[6] Plaintiff's claims fail for the additional reasons laid out in Defendants' Motion, including because the Coronavirus Aid, Relief, and Economic Security ("CARES") Act does not recognize a private right of action and because Plaintiff's claims are inadequately pled under Federal Rules of Civil Procedure 12(b)(6) and 9(b).

Respectfully submitted,

BANK OF AMERICA, N.A. and MEGAN SCHOLZ

By their attorneys,

PRIMMER PIPER EGGLESTON & CRAMER PC

Dated: December 22, 2021    By:    */s/ Thomas J. Pappas*
Thomas J. Pappas, Esq., N.H. Bar No. 4111
P.O. Box 3600
Manchester, NH 03105-3600
(603) 626-3300
tpappas@primmer.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANTS BANK OF AMERICA, N.A. AND MEGAN SCHOLZ'S SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS has this day been forwarded via the Court's Electronic Case Filing System to:

Natasha Athens
Natasha4NHGov@protonmail.com

Dated: December 22, 2021    By:    */s/ Thomas J. Pappas*
Thomas J. Pappas, Esq., (N.H. Bar No. 4111)