UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

_____
                                        )
NATASHA ATHENS d/b/a Favorite Things,   )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )   Civil Action No. 1:21-cv-00748-SM
                                        )
BANK OF AMERICA and MEGAN SCHOLZ,       )
                                        )
        Defendants.                     )
_____)

## DEFENDANTS' MOTION TO STRIKE NUMEROUS
## PLEADINGS FILED BY PLAINTIFF

Defendants Bank of America, N.A.[1] ("BofA") and Megan Scholz (together, "Defendants"),

by and through their attorneys, Primmer Piper Eggleston & Cramer PC, respectfully submit this

Rule 12(f) motion to strike the following documents filed by Plaintiff: "Plaintiff's ex-party notice

of appeal" ("Doc. 63"); Plaintiff's Notice of No Brief Due ("Doc. 64"); Plaintiff's Brief on Appeal

("Doc. 68"); Plaintiff's Affidavit ("Doc. 69"); Plaintiff's Notice of Last Chance to Settle ("Doc.

70"); "Exhibit Grinch Megan – You Look This Bad" ("Doc. 72"); "Exhibit Pappas As Scrooge –

Reprehensible" ("Doc. 73") and Plaintiff's Response to Judge's Order ("Doc. 74").  In support

thereof, Defendants assert the following:

## ARGUMENT

Federal Rule of Civil Procedure 12(f) governs motions to strike pleadings from the record.

Rule 12(f) provides, in relevant part:

> The court may strike from a pleading an insufficient defense or any redundant,
> immaterial, impertinent, or scandalous matter.  The court may act: (1) on its own;
> or (2) on motion made by a party either before responding to the pleading or, if a
> response is not allowed, within 21 days after being served with the pleading.

_____

[1]  Incorrectly named in Plaintiff's Complaint as "Bank of America."

This Court has previously granted a Rule 12(f) motion to strike where, as here, the pleadings contain personal assaults and unsubstantiated accusations. *See Nault's Auto. Sales, Inc. v. Am. Honda Motor Co., Inc., Acura Auto Div.*, 148 F.R.D. 25, 35 (D.N.H. 1993) (abrogated on other grounds). "Scandalous material is that which casts an adverse light on the character of an individual or party." *Id*. at 30. For purposes of Rule 12(f), scandalous pleadings "are those which reflect cruelly upon [an individual's] moral character, use repulsive language or detract from the dignity of the court." *Id*. To constitute scandalous material, "such degrading charges must be irrelevant or, if relevant, must be gone into in unnecessary detail." *Id*.

In *Nault's Auto Sales*, the plaintiff filed pleadings in which it claimed that opposing counsel deliberately and intentionally withheld requested information about alleged bribes within the defendant company. *Id*. The Court struck these allegations from the record and explained:

> These serious allegations are based not on hard evidence of wrongdoing, but upon suspicion supported only by a rather strained theory of information flow . . . The charges leveled against counsel for [Defendant] are not only unsubstantiated, but there was at the time the charges were leveled, and there is now, no reasonable basis upon which such charges could responsibly be made.

*Id*. The Court similarly struck from the pleadings baseless allegations that Defendant and its counsel filed false affidavits, committed perjury, and were generally guilty of "fraudulent and criminal conduct" where no facts existed to support those assertions. *Id*. at 32-34. In so holding the Court emphasized that, though counsel for the defendant had failed to comply with certain discovery requirements, this did not justify "the unsubstantiated and extreme attacks on the personal integrity, ethics and character of defense counsel." The Court struck several pleadings in their entirety, noting that "[t]he tone, the language used, and the accusations themselves are unwarranted by the facts." *Id*. at 35.

Here, several pleadings filed by Plaintiff and the allegations contained therein are far more egregious than the pleadings at issue in *Nault's Auto Sales*. Plaintiff has not only attacked the integrity, moral character, and intelligence of Defendants and their counsel, but she has also accused them of committing crimes and threatened their families. These pleadings contain degrading allegations and insults that are entirely unsubstantiated. These offensive pleadings, as detailed more thoroughly below, are irrelevant to the instant action and serve no purpose other than to harass and abuse Defendants and their counsel and they detract from the dignity of the Court.

Importantly, this Court has already exercised its authority to strike irrelevant and inappropriate pleadings when it struck Plaintiff's "Notice of New Lawsuit" (hereinafter "Doc. 71"). Consistent with its order striking Doc. 71 and pursuant to Rule 12(f), the Court should also strike Doc. 63, Doc. 64, Doc. 68, Doc. 69, Doc. 70, Doc. 72, and Doc. 73.

## I.   Doc. 63.

Doc. 63 constitutes Plaintiff's purported appeal of the Court's order on Defendants' pending motion to dismiss.[2] The vast majority of Plaintiff's motion is a hypothetical narrative of the actions Plaintiff would take against Defendants and their counsel if BofA were to theoretically file suit against Plaintiff. For example, Plaintiff states:

> Once they opt to sue the Plaintiff to obtain the entire amount, the Plaintiff gets discovery. 100% discovery. She gets to depose Defendant Megan Scholz, and Brian Moynihan … How many complaints did BOA file against small business for being "loaned too much"? She gets to find out their ties to Thomas Pappas, how many cases he has represented for them, and his ties to the bank in his own person life … Should Bank of America come after the Plaintiff for the loan when it becomes due, she can sue them for destroying her store name, and her credit over this forgivable loan. And sue them once again.

---

[2] Plaintiff's purported appeal is premature since the Court has not yet ruled on Defendants' Motion to Dismiss.

Doc. 63 at 2-3.  These purported threats of exposure and litigation in a hypothetical lawsuit are in no way related to the instant action or motion to dismiss.

Plaintiff's pleading also contains false accusations and profane personal insults.  The pleading includes the following statements about Defendants and their counsel:

> [Plaintiff] gets to testify on the record about the bank crimes and her research. She gets to testify on how many places she reported this crime. And the subsequent crimes.
>
> …
>
> Thomas Pappas has defaulted . . . Thomas has a low IQ, and cannot even read.
>
> …
>
> All parties are too insane to even grasp that this dismissal only showed their giant bed with all of them in it… the 3 party joint bed of targeting a business because they legally obtained federal funds, through a crooked bank and a a [sic] drunk VP that were planning the biggest heist in banking history.

Doc. 63 at 2-5.  These accusations and insults, among others contained in the pleading, are inappropriate, degrading, and reflect cruelly upon the character of Defendants and their counsel.

Moreover, the pleading includes an entirely unrelated discussion of accusations against CNN.  These statements are in no way relevant to the instant case or pleading.  Accordingly, the Court should strike the pleading in its entirety or, in the alternative, strike all immaterial and scandalous portions of the document.

**II.    Doc. 64.**

Doc. 64 is captioned a "Notice of No Brief Due."  Similarly to Doc. 63, however, Doc. 64 is devoid of any legal argument and is instead comprised of assertions that are irrelevant and abusive toward Defendants and their counsel.  Plaintiff has referred to undersigned counsel as "stupid," a "scumbag attorney," "mentally ill," "deeply vested into his own crime spree," and

having a "low IQ."  The pleading also contains statements directed generally toward Defendants, their counsel, and this Court.  For example, the document provides:

> They all get coal in their stockings, and should be ashamed to attach the word American after their names.  Bank of America is bank of Crimes, and Bullies of America, and they have to live with their stain on America.
>
> …
>
> The majority of people have ability to stop accidents from happening, leave the shore when they see giant waves, shut off a hot burner, etc.  They don't want to create or cause anyone any harm.  The players in this case all do.  They want to hurt people, injure them, … It's at this point we all have to look at them and their wallets and their sociopathy.

*See* Doc. 64 at 3, 5.  These assertions are cruel, inappropriate, and damaging to undersigned counsel and Defendants' reputations.  Moreover, the statements are in no way relevant to the instant case or the pleading and detract from the dignity of the Court.  These are exactly the kind of statements to which Rule 12(f) applies.

Additionally, Exhibit 1 attached to Doc. 64 contains irrelevant and scandalous information, including a picture of Defendant Megan Scholz that Plaintiff obtained from Ms. Scholz' personal social media page, pictures depicting coal being placed in stockings, and a link to Plaintiff's blog.  This exhibit serves no purpose other than to harass and harm Defendants and undersigned counsel; it is not relevant to the instant case.  Accordingly, the Court should strike the pleading and the exhibit attached thereto in its entirety or, in the alternative, strike all immaterial and scandalous portions of the document.

**III.**   **Doc. 68.**

Doc. 68 is captioned "Brief on Appeal."  Again, this pleading is riddled with abusive, irrelevant, scandalous statements about Defendants and their counsel.  For example, the pleading contains the following statements:

Megan is a hysterical unglued vicious fraud, that drinks and loves attention and is a "big donor" to charities … She has committed so many crimes, it's hard to fathom, and whatever MONEY or "favors" are being paid to Thomas Pappas, who is engaging in crimes with her, virtual bed or not, most people get paid to do a job, don't then become criminals.

…

[Thomas Pappas'] insanity, stupidity and begging from his sippy cup for the court to indulge him turns stomaches [sic] of normal people that wonder what favors are exchanged from sippy cup to sippy cup.

Doc. 68 at 5, 7-8.

The pleading also contains multiple exhibits that solely contain statements intended to harass undersigned counsel and Defendants. Doc. 68-1 is an attack against undersigned counsel, filled with insults and false accusations. Doc. 68-1 accuses undersigned counsel of committing crimes, engaging in bank fraud, lying in Court, stealing tax records, and being part of a crime family. *See* Doc. 68-1. Doc. 68-1 also refers to undersigned counsel as "old, lazy and whiny," "a wimp," "incompetent," and as having "mental issues." *Id.* These statements are baseless, irrelevant, and damaging to undersigned counsel's professional and personal reputation.

Doc. 68-2 solely contains false accusations and insults directed toward Ms. Scholz. Doc. 68-2 contains photographs that depict Ms. Scholz as a "criminal," "evil," "jealous," and a "toxic mom," among other things. Doc. 68-2 also makes references to Ms. Scholz not deserving a presidential pardon. These accusations are unfounded, irrelevant, and intended to abuse and harass Ms. Scholz. There is no clearer application of Rule 12(f) than to Doc. 68-2, which is wholly immaterial to the instant case and solely contains false, scandalous statements about another party.

Finally, Doc. 68-3 contains additional false and damaging statements about undersigned counsel and Defendants. Doc. 68-3 is also filled with statements about Plaintiff's character and irrelevant beliefs. For example, Doc. 68-3 contains references to Plaintiff's beliefs about Oprah

Winfrey, Keene City Council, and Cheshire Hospital.  These accusations are unrelated and irrelevant to the instant case.  As with Plaintiff's other pleadings, Doc. 68 and its exhibits (Doc. 68-1 through 68-3) are immaterial and scandalous.  Accordingly, the Court should strike the pleadings pursuant to Rule 12(f) or, in the alternative, strike the irrelevant and scandalous portion of same.

IV.    **Doc. 69.**

Doc. 69 is an affidavit filed by Plaintiff.  The affidavit is not responsive to any existing order or pleading, nor is it a proper motion pursuant to any Federal Rule.  The Court should strike the document on that basis alone.

Additionally, the document contains irrelevant and inappropriate insults.  Plaintiff has accused undersigned counsel as being part of "a 'Greek Mafia' cabal" and a "sad little crime family."  Doc. 69 at 2.  As with Plaintiff's other statements about undersigned counsel, these accusations are baseless and are intended to harass him and damage his reputation and are irrelevant to the issues in the instant case.

In Doc. 69, Plaintiff has also included threats against Ms. Scholz's and undersigned counsel's families.  For example, Plaintiff states:

> The spouses need to know, and I can depose all of them, and find out if they are party to crimes and coverup [sic], or if they are horried [sic] at the abuses done here … I am going to mail claims to your residences in your spouses names, and also set up to depose them to find out if they are "partners" with you, or not even aware.

Doc. 69 at 4.  These threats are abusive and irrelevant.  Accordingly, the Court should strike Doc. 69 in its entirety or, in the alternative, strike the scandalous and irrelevant statements contained therein.

**V.**    **Doc. 70.**

Doc. 70 constitutes another affidavit that is not responsive to any pleading or order, nor is it a proper motion permitted under the Federal Rules.  The Court should strike the document on this basis alone.

Moreover, similar to the other pleadings referenced herein, Doc. 70 contains false, baseless statements accusing Defendants and undersigned counsel of committing crimes.  The pleading also contains additional threats against Defendants' and undersigned counsel's families.  Plaintiff has stated: "This will end with you and your families exposed to a level that can never be contained back into a bottle. The plaintiff has urged at this 11th hour for one person to have enough wits about them to cease this sad crime spree and get out of the spotlight."  Doc. 70 at 3.

Again, this pleading serves no relevant purpose and is immaterial to the instant case.  Rather, the pleading is solely intend to harass and abuse Defendants and undersigned counsel.  This is an inappropriate use of the judicial system and the type of pleading that should be struck from the record pursuant to Rule 12(f).  Accordingly, the Court should strike Doc. 70 in its entirety or, in the alternative, strike the portions that are irrelevant and scandalous.

**VI.**    **Doc. 72 and Doc. 73**.

Doc. 72 is a proposed separate lawsuit against Ms. Scholz and her husband and Doc. 73 is a proposed lawsuit against undersigned counsel and his wife.  The Court has already determined that a proposed lawsuit of a similar nature is "not relevant to any issue presented by this litigation, and is, at a minimum, inappropriate" when it struck Doc. 71.  *See* Order Striking Doc. 71.  Similar to Doc. 71, Doc. 72 and Doc. 73 are irrelevant to the instant action and it is inappropriate to threaten suit unless a party settles on another party's terms.  Accordingly, the Court should strike these documents from the record.

**VII.**   **Doc. 74.**

Doc. 74 is a pleading in response to the Court's Order dated January 3, 2022, striking Plaintiff's pleading captioned "Exhibit Sample New Lawsuit" (Doc. 71).  Doc. 74 is not a proper motion or pleading pursuant to the Federal Rules and should be stricken on that basis alone.

Even if Doc. 74 were generously considered a motion for relief from an order under Fed. R. Civ. P. 60, Doc. 74 fails to raise any substantiated grounds for relief as required by Rule 60. Rather, Doc. 74 merely contains irrelevant, baseless and scandalous statements that detract from the dignity of the Court and which attack the integrity, ethics, and character of the Judge as well as Defendants and their counsel.  Accordingly, the Court should strike Doc. 74 in its entirety or, in the alternative, strike all immaterial and scandalous portions of the document.

Given the nature of the relief sought in this motion, Defendants did not seek plaintiff's assent.

No memorandum of law is filed herewith because the granting of this motion is within the sound discretion of the court.

## CONCLUSION

For the reasons set forth above, the Court should strike Doc. 63, Doc. 64, Doc. 68, Doc. 69, Doc. 70, Doc. 72, Doc. 73, and Doc. 74 pursuant to Rule 12(f).

WHEREFORE, Defendants respectfully request that the Court:

A.      Strike Doc. 63, Doc. 64, Doc. 68, Doc. 69, Doc. 70, Doc. 72, Doc. 73, and Doc. 74; and

B.      Grant such other relief as the Court deems just.

Respectfully submitted,

BANK OF AMERICA, N.A. and MEGAN SCHOLZ

By their attorneys,

PRIMMER PIPER EGGLESTON & CRAMER PC

Dated: January 4, 2022        By:      */s/ Thomas J. Pappas*
                                                   Thomas J. Pappas, Esq., N.H. Bar No. 4111
                                                   P.O. Box 3600
                                                   Manchester, NH 03105-3600
                                                   (603) 626-3300
                                                   tpappas@primmer.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANTS' MOTION TO STRIKE NUMEROUS PLEADINGS FILED BY PLAINTIFF has this day been forwarded via the Court's Electronic Case Filing System to:

Natasha Athens Natasha4NHGov@protonmail.com

Dated: January 4, 2022        By:      */s/ Thomas J. Pappas*
                                                   Thomas J. Pappas, Esq., (N.H. Bar No. 4111)

5129497.1