UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Natasha Athens,
d/b/a Favorite Things,
    Plaintiff

    v.                                Case No. 21-cv-748-SM
                                          Opinion No. 2022 DNH 008

Bank of America, N.A. and
Megan Scholz,
    Defendants

**O R D E R**

Pro se plaintiff Natasha Athens brings this suit against Bank of America, N.A. ("BOA") and one of BOA's vice presidents, Megan Scholz. According to Athens, defendants wrongfully determined that a loan she obtained through the Paycheck Protection Program ("PPP") was not eligible for forgiveness. As construed by the magistrate judge, Athens' complaint advances three common law claims: (1) breach of contract; (2) fraud; and (3) intentional infliction of emotional distress. Defendants timely moved to dismiss, asserting that Athens' complaint fails to set forth the essential elements of any viable claims. See generally Fed. R. Civ. P. 12(b)(6) and 9(b).

Athens objected (documents no. 34, 43, and 50), but none of
her pleadings addressed the issues raised in defendants' motion.
See, e.g., Plaintiff's Third Objection (document no. 50) ("The
Plaintiff is not obligated to ever respond to unserved pleadings
or documents."). Acknowledging Athens' pro se status and
understanding that she is likely unfamiliar with either the
governing law or the federal rules of civil procedure, the court
afforded her the opportunity to supplement her filings to more
clearly state the essential elements of each of the claims in
her complaint. Supplemental briefing from both Athens and the
defendants has been submitted and, for the reasons discussed,
defendants' motion to dismiss is granted, in part.

Parenthetically, the court notes (as it has earlier in this
case) that although Athens has filed interlocutory appeals of
some of the court's prior, non-appealable rulings, those appeals
do not divest the court of jurisdiction. See, e.g.,
Colon-Torres v. Negron-Fernandez, 997 F.3d 63, 74 (1st Cir.
2021); Rivera-Torres v. Ortiz Velez, 341 F.3d 86, 94-96 (1st
Cir. 2003). See also Order dated December 7, 2021 (describing
plaintiff's interlocutory appeals as being based on non-
appealable orders and advancing legally meritless claims). The
court also notes that Athens has not moved to stay these

proceedings pending her interlocutory appeals.  See Rivera-Torres, 341 F.3d at 94-95.


### Standard of Review

In considering a motion to dismiss, the court accepts all well-pleaded facts alleged in the complaint as true, disregards legal labels, speculation, and conclusions, and resolves reasonable inferences in the plaintiff's favor.  See Galvin v. U.S. Bank, N.A., 852 F.3d 146, 155 (1st Cir. 2017).  To avoid dismissal, the complaint must allege sufficient facts to support a "plausible" claim for relief.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  To satisfy the plausibility standard, the factual allegations in the complaint, along with reasonable inferences drawn from them, must show more than a mere possibility of liability – that is, "a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  See also Lyman v. Baker, 954 F.3d 351, 359-60 (1st Cir. 2020) ("For the purposes of our [12(b)(6)] review, we isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements.") (citation and internal punctuation omitted).

In short, the complaint must include well-pled (i.e., non-conclusory, non-speculative) factual allegations in support of each of the essential elements of a viable claim that, if assumed to be true, allow the court to draw the reasonable and plausible inference that the plaintiff is entitled to the relief sought.  See Tasker v. DHL Retirement Savings Plan, 621 F.3d 34, 38-39 (1st Cir. 2010).

Here, in support of their motion to dismiss, defendants rely upon the documents Athens submitted to BOA in support of her application for loan forgiveness: a document purporting to be Athens' 2019 IRS Form 1040 Schedule C, as well as her 2019 Fourth Quarter IRS Form 941 (documents no. 33-7 and 33-8). Typically, a court must decide a motion to dismiss based solely upon the allegations set forth in the complaint and any documents attached to that complaint.  If it considers extrinsic evidence, the court must ordinarily convert the motion into one for summary judgment.  See Fed. R. Civ. P. 12(d).  There are, however, exceptions to that general rule:

> [C]ourts have made narrow exceptions for documents the
> authenticity of which [is] not disputed by the
> parties; for official public records; for documents
> central to plaintiffs' claim; or for documents
> sufficiently referred to in the complaint.

Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993) (citations
omitted).  See also Trans-Spec Truck Service, Inc. v.
Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008); Beddall v.
State Street Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998).


    Because Athens does not dispute the authenticity of the
documents upon which defendants rely and because those documents
are central to Athens' claims, the court may properly consider
them without converting defendants' motion into one for summary
judgment.


**Discussion**

I.    Fraud and Intentional Infliction of Emotional Distress.
    Neither Athens' claim for fraud nor her claim for
intentional infliction of emotional distress sets forth the
essential elements of a viable cause of action.  Defendants'
memorandum in support of their motion to dismiss (document no.
33-1) fully addresses the reasons those claims fall short.  It
is sufficient to note the following.


    First, as this court (Diclerico, J.) has observed, the
elements of a viable claim for fraud (or intentional
misrepresentation) must be pled with specificity.

The New Hampshire Supreme Court has recognized the tort of intentional misrepresentation, also known as fraud. The elements of fraud or deceit are (1) the defendant misrepresented a material fact to the plaintiff, knowing it to be false; (2) the defendant did so with fraudulent intent that the plaintiff act on it; and (3) that the plaintiff, without knowledge of its falsity, detrimentally relied on the misrepresentation. Under New Hampshire law, a representation is fraudulent if made with knowledge of its falsity or with conscious indifference to its truth, and if the false statement was made for the purpose or with the intention of causing another to act on it.

To withstand a motion to dismiss, the plaintiff must specify the essential details of the fraud, and specifically allege the facts of the defendant's fraudulent actions. It is not sufficient for the plaintiff merely to allege fraud in general terms.

Alexander v. Fujitsu Bus. Commc'n Sys., Inc., 818 F. Supp. 462, 467 (D.N.H. 1993) (citations and internal punctuation omitted).

Athens' complaint fails to identify any statement plausibly attributable to defendants that was "fraudulent." Nor does her complaint state with the required degree of specificity who made the allegedly fraudulent statement, what that statement was, or when that statement was made. See generally Fed. R. Civ. P. 9(b).

Similarly, Athens' claim for intentional infliction of emotional distress fails to plausibly allege the essential elements of a viable claim. Under New Hampshire's common law,

6

> One who by extreme and outrageous conduct
> intentionally or recklessly causes severe emotional
> distress to another is subject to liability for such
> emotional distress, and if bodily harm to the other
> results from it, for such bodily harm. . . . In
> determining whether conduct is extreme and outrageous,
> it is not enough that a person has acted with an
> intent which is tortious or even criminal, or that he
> has intended to inflict emotional distress, or even
> that his conduct has been characterized by "malice."
> Liability has been found only where the conduct has
> been so outrageous in character, and so extreme in
> degree, as to go beyond all possible bounds of
> decency, and to be regarded as atrocious, and utterly
> intolerable in a civilized community.

Mikell v. Sch. Admin. Unit No. 33, 158 N.H. 723, 728-29 (2009)

(citations and internal punctuation omitted). See also Tessier

v. Rockefeller, 162 N.H. 324, 342 (2011); Restatement (Second)

of Torts § 46, cmt. d (1977).

Nothing in Athens' complaint suggests that defendants

engaged in the sort of conduct that might give rise to a viable

claim for intentional infliction of emotional distress. See

generally Moss v. Camp Pemigewassett, Inc., 312 F.3d 503, 511

(1st Cir. 2002) ("The standard for making a claim of intentional

infliction of emotional distress is very high.").

It is, however, still within the realm of conceivable that

Athens' claimed entitlement to forgiveness of her PPP loan has

some merit.

II.  The Paycheck Protection Program.

      As part of the Coronavirus Aid, Relief, and Economic

Security Act ("CARES Act"), Congress created the Paycheck

Protection Program ("PPP"), which authorizes the SBA to

guarantee loans to small businesses affected by the pandemic.

See 15 U.S.C. 636(a)(36).  As the Court of Appeals for the

Eleventh Circuit has explained,

> The PPP is directed at small businesses and its
> principal function is to provide potentially
> forgivable loans to them.  It is designed to give
> loans to eligible businesses and, if the loaned funds
> are used for specified expenses, to allow those loans
> to be forgiven.  The recipient can receive loan
> forgiveness if it uses the funds to cover payroll and
> certain other expenses like mortgage or rent payments
> and utility expenses.  Generally the amount of the
> loan that is forgiven is the amount used to pay those
> costs.  But the bulk of the funds, at least 60
> percent, must be spent on payroll.

In re Gateway Radiology Consultants, P.A., 983 F.3d 1239, 1247

(11th Cir. 2020) (emphasis supplied; citations omitted).  To

secure forgiveness of a PPP loan, the borrower must submit to

the lender certain documentation demonstrating that the loan

meets the requirements for forgiveness, as well as a

certification that the loan proceeds were used for permitted

purposes.  See 15 U.S.C. § 636m(e).  If a borrower fails to

provide the necessary documentation, its loan is not eligible

for forgiveness.  Id. at § 636m(f).

8

Here, BOA says Athens failed to submit documentation demonstrating that her loan qualified for forgiveness. Indeed, says BOA, the documentation Athens submitted as part of her application for forgiveness revealed that she was not even entitled to the loan she actually obtained.

II. <u>Athens' Submissions</u>.

A major problem with Athens' application for loan forgiveness is this: she appears to have submitted conflicting documentation to BOA. <u>See, e.g.,</u> Complaint at para 17 (attributing to BOA the following statement, "The Bank has reviewed the documents submitted by [Natasha Athens, d/b/a] Favorite Things and determined there was an error in the Bank's prior calculation of maximum forgivable loan amount. Upon closer review of the documents provided, <u>the wage information provided is conflicting</u> and the correct maximum forgivable loan amount is $0.") (emphasis supplied).

According to BOA (and as supported by the documents of record), in support of her application for a PPP loan, Athens submitted:

1. A copy of a document purporting to be her 2019 Form 1040, Schedule C and

2. A <u>2020</u> First Quarter Form 941.

9

See Document no. 33-5.  Those documents apparently showed that
Athens was eligible for a PPP loan, which she eventually
received.  Subsequently, however, when Athens applied for
forgiveness of that same loan, she submitted to BOA:

    1.   A different document purporting to be her 2019
         Form 1040, Schedule C and

    2.   A 2019 Fourth Quarter Form 941.

See Documents no. 33-7 and 33-8.  When BOA reviewed those later-
submitted documents (which it assumed were accurate), it
realized that Athens did not qualify for the PPP loan in the
first place.  Accordingly, under the governing regulations, it
was not permitted to approve her application for forgiveness of
that loan.


    Athens has not explained the inconsistencies between those
two sets of tax documents.  Nor has she explained which document
purporting to be her 2019 Form 1040, Schedule C, is accurate and
was actually filed with the IRS.  If it is the document she
submitted to BOA in connection with her application for loan
forgiveness (document no. 33-7), it appears that she was not
entitled to the PPP loan at all.  Necessarily, then, she would
not be entitled to forgiveness of that loan.

**Conclusion**

Athens' claims for intentional infliction of emotional distress and fraud fail to set forth the essential elements of viable causes of action.  Consequently, those counts of the complaint must necessarily be dismissed.  But, given Athens' pro se status, the court is inclined to afford her yet another (final) opportunity to supplement the record as it relates to her claimed entitlement to forgiveness of her PPP loan (and, given the complexity of the issues presented, the court also encourages Athens to seek assistance from trained legal counsel – her filings to date have not helped her cause).

Accordingly, on or before **February 21, 2022,** Athens shall file a sworn statement and/or reliable documentation that <u>directly</u>, <u>succinctly</u>, <u>and</u> <u>unequivocally</u> answers the following questions:

1.  Which document purporting to be the 2019 Form 1040, Schedule C, for Natasha Athens, d/b/a Favorite Things – document no. 33-5 or document no. 33-7 - provides **truthful and accurate** responses to the questions presented on that form?

2.  Which document purporting to be the 2019 Form 1040, Schedule C, for Natasha Athens, d/b/a Favorite Things – document no. 33-5 or document

no. 33-7 – was **actually filed** with the Internal Revenue Service?[1]

3.   Does the 2019 Fourth Quarter Form 941 (document no. 33-8) accurately reflect (on line 5c) that Athens, d/b/a Favorite Things, had no taxable Medicare wages and tips for that reporting period?

Defendants may file a response and/or supplemental argument in support of their pending motion to dismiss **within 21 days** after Athens submits her answers to the questions posed above.

For the foregoing reasons, defendants' motion to dismiss (**document no. 33**) is granted in part.  Athens' claims for fraud and intentional infliction of emotional distress are dismissed. The court will, however, defer ruling on defendants' motion to dismiss Athens' claimed entitlement to forgiveness of her PPP loan.

Should Athens fail to respond directly and unequivocally to the questions presented, the sole remaining claim in her complaint alleging entitlement to forgiveness of her PPP loan will be dismissed for failure to comply with the directives of the court and for failure to state a viable cause of action.

---

[1]   If plaintiff filed an inaccurate or incomplete 2019 Form 1040 with the IRS, she is obviously required to make a corrective filing.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

January 21, 2022

cc:  Natasha Athens, pro se
     Thomas J. Pappas, Esq.