**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Natasha Marie Athens</u>

   v.                                                              Case No. 21-cv-748-SM

<u>Bank of America, N.A.,</u>
<u>and Meghan Scholz</u>

## **O R D E R**

Before the court are notices of interlocutory appeal filed by plaintiff, Natasha Marie Athens, as well as five motions (Doc. Nos. 59, 63-1, 82, 85, 86-1), seeking leave to proceed in forma pauperis ("IFP") in her appeals in the following matters:

- Her appeal of the November 22, 2021 Order, as to which Ms. Athens filed her (first) notice of appeal (Doc. No. 53). The First Circuit assigned Case No. 21-1964 to that appeal.

- Her appeal of the November 23, 2021 Order, as to which Ms. Athens filed her (second) notice of appeal (Doc. No. 54). The First Circuit assigned Case No. 21-1965 to that appeal.

- Her appeal of the December 6, 2021 Order (Doc. No. 60), as to which Ms. Athens filed her (third) notice of appeal (Doc. No. 63). The First Circuit assigned Case No. 22-1004 to that appeal.

- Her appeal of the January 21, 2022 Order (Doc.

No. 78), which is the subject of three notices of appeal (her fourth, fifth, and seventh such notices), see Doc. Nos. 81, 84, 87. The First Circuit assigned Case No. 22-1083 to that appeal.

- Her appeal of the January 25, 2022 Order, which is the subject of her (sixth) notice of appeal (Doc. No. 86. The First Circuit assigned Case No. 22-1084 to that appeal.

## Standard

In determining whether an applicant may proceed on appeal without pre-paying the filing fee, pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a), this court considers, among other things, the applicant's objective good faith. See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962). "Good faith for purposes of § 1915(a)(3) is judged by an objective standard; i.e., whether the litigant 'seeks appellate review of any issue not frivolous.'" Dulaurence v. Telegen, No. 15-1537, 2016 U.S. App. LEXIS 24070, at *1 (1st Cir. Nov. 30, 2016) (quoting Coppedge, 369 U.S. at 445).

## Discussion[1]

I.  (First) IFP Motion (Doc. No. 59)

Ms. Athens's (first) motion to proceed IFP (Doc. No. 59) on appeal concerns First Circuit Case Nos. 21-1964 and 21-1965. The court addresses below whether those two appeals have been taken in objective good faith, in ruling on that IFP motion.

   A.  Case No. 21-1964

Applying a standard that is the same as the objective good faith standard under 28 U.S.C. § 1915(a)(3), this court previously found that Ms. Athens's appeal of the November 22, 2021 Order was frivolous. See Dec. 7, 2021 Order. Her appeal (Doc. No. 53) of that Order, assigned Case No. 21-1964 by the First Circuit, lacks any arguable basis in law or fact and is not taken in good faith. Ms. Athens's (first) motion to proceed IFP on appeal (Doc. No. 59) is DENIED, with respect to Case No. 21-1964.

---

[1] Each of the orders at issue in Ms. Athens's appeals is an interlocutory order. Such nonfinal orders are not appealable as a matter of right, see 28 U.S.C. § 1292; Coopers & Lybrand v. Livesay, 437 U.S. 463, 474 (1978) (in general, "[a] party seeking review of a nonfinal order must first obtain the consent of the trial judge" (citing 28 U.S.C. § 1292(b))). This court has not been asked to make any finding about the propriety of an interlocutory appeal under § 1292(b). Moreover, such certification would not have been granted, if it had been requested, as the orders do not involve controlling questions of law as to which there is a substantial ground for a difference of opinion, and considering the issues raised in her appeals at this time will not advance the ultimate termination of the litigation. Cf. 28 U.S.C. § 1292(b).

3

B.  Case No. 21-1965

Ms. Athens's (first) motion to proceed IFP on appeal (Doc. No. 59) also seeks leave to proceed IFP in her appeal of the November 23, 2021 Order.  See Notice of Appeal (Doc. No. 54). That appeal was assigned Case No. 21-1965 by the First Circuit. The November 23 Order denied Ms. Athens's motion to recuse Magistrate Judge Johnstone and the undersigned District Judge. Her appeal of the order denying her motion to recuse those judicial officers repeats her unfounded accusations of judicial bias and criminal conduct.  That appeal is frivolous and neither grounded in any arguable basis in law or fact, nor taken in good faith.  Accordingly Ms. Athens's motion to proceed IFP in that appeal (Doc. No. 59) is DENIED, with respect to Case No. 21-1965.

II.  (Second) IFP Motion (Doc. No. 63-1)

Ms. Athens's second IFP motion (Doc. No. 63-1) seeks leave to proceed IFP in her appeal of the December 6, 2021 Order (Doc. No. 60).  Ms. Athens entitled her notice of appeal (Doc. No. 63) of that order as an appeal of the "dismissal of the Case in Chief."  The December 6 Order did not dismiss her claims; rather, that Order took defendants' motion to dismiss under advisement pending further briefing.  Ms. Athens's appeal of that interlocutory order, assigned Case No. 22-1004 by the First

4

Circuit, is not grounded in any arguable basis in law or fact, is frivolous, and is not taken in good faith. Accordingly Ms. Athens's motion to proceed IFP in that appeal (Doc. No. 63-1) is DENIED.

III. (Third) and (Fourth) IFP Motions (Doc. Nos. 82, 85)

Ms. Athens's (third) and (fourth) IFP motions (Doc. Nos. 82, 85) seek leave to proceed IFP in her multiple appeals of the January 21, 2022 Order (Doc. No. 78). The pertinent notices of appeal (Doc. Nos. 81, 84, 87), underlying that appeal reassert her baseless claims of a criminal conspiracy and judicial bias, her unfounded claim of defendants' "default," and her other assertions of wrongdoing and error which lack any arguable basis in law or fact. Her appeal in that regard, assigned First Circuit Case No. 22-1083, is frivolous and not taken in good faith. Accordingly, each of Ms. Athens's motions to proceed IFP (Doc. Nos. 82, 85) in her appeal of the January 21 Order is DENIED.

IV. (Fifth) IFP Motion (Doc. No. 86-1)

Ms. Athens's (fifth) IFP motion (Doc. No. 86-1) seeks leave to proceed IFP in her appeal of the January 25, 2022 Order (granting defendants' motion to strike). Among the documents stricken by that Order was Document No. 68, a brief filed by Ms.

5

Athens, which she entitled, "Brief on Appeal." This court struck that document for reasons stated in defendants' motion, and because her "Brief on Appeal" appeared to be addressed to the First Circuit and had been filed in the wrong court. See Jan. 25, 2022 Order.

Ms. Athens's appeal of the January 25 Order targets the decision to strike Doc. No. 68. The pertinent notice of appeal, see Doc. No. 86, asserts that Document No. 68 cannot be "sealed" by the court as it contains "evidence" of a "bank crime." Those assertions about the court's action and the nature of the filing do not rest on any arguable basis in fact or law. Her appeal of the January 25 Order, assigned Case No. 22-1084 by the First Circuit, is not taken in good faith. Accordingly Ms. Athens's motion to proceed IFP in that appeal (Doc. No. 86-1) is DENIED.

## Conclusion

For the foregoing reasons, the court certifies that Ms. Athens's appeals of the following orders are not taken in good faith: the November 22, 2021 Order (assigned First Circuit Case No. 21-1964); the November 23, 2021 Order (assigned First Circuit Case No. 21-1965); the December 6, 2021 Order (assigned First Circuit Case No. 22-1004); the January 21, 2022 Order (assigned First Circuit Case No. 22-1083); and the January 25, 2022 Order (assigned First Circuit Case No. 22-1084). Each of

Ms. Athens's motions (Doc. Nos. 59, 63-1, 82, 85, 86-1) seeking leave to proceed IFP in those appeals is DENIED.  The clerk's office is directed to notify the parties and the First Circuit regarding this Order.  See Fed. R. App. P. 24(a)(4).

    SO ORDERED.

                                              Steven J. McAuliffe
                                              United States District Judge

February 4, 2022

cc:  Natasha Marie Athens, pro se
     Thomas J. Pappas, Esq.