UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| NATASHA ATHENS d/b/a Favorite Things,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA and MEGAN SCHOLZ,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 1:21-cv-00748-SM<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS' OBJECTION TO PLAINTIFF'S
### REQUEST/MOTION TO STRIKE PLEADINGS

NOW COME Defendants Bank of America, N.A.[1] ("BofA") and Megan Scholz (together, "Defendants"), by and through their attorneys, Primmer Piper Eggleston & Cramer PC, and respectfully object to "Ex Party Plaintiff's Request to Strike Objection and Response of Non-Party Thomas Pappas and All of His Other Pleadings - Plaintiff's Motion to Strike Non-Party Pleading Exposing her Taxes" (the "Motion") (Doc. #94) as follows:

1. Motions to strike pleadings are governed by Fed. R. Civ. P. 12.

2. The Motion fails to set forth any basis under Rule 12 to strike any of Defendants pleadings. Rather, the motion merely continues Plaintiff's *ad hominem* attacks.

3. In its Order dated November 19, 2021 (Doc. #48), the Court, in denying Plaintiff's Motion for Hearings (Doc. #23), noted Plaintiff's misapprehension of the rules regarding electronic filing and explained Fed. R. Civ. P. 5. Specifically, the Court noted that under Rule 5 and this Court's Local Rules, a party's filing of a documents through the Court's ECF System constitutes filing for all purposes of the Federal Rules of Civil Procedure and constitutes proof of

---

[1] Incorrectly named in Plaintiff's Complaint as "Bank of America."

1

service in accordance with Fed. R. Civ. P. 5(d).  The Court further noted that Plaintiff had filed a "Pro Se Motion to Participate in Electronic Filing" (Doc. #3) and in her Motion "the Plaintiff acknowledged that she 'unders[tood] that hard copies will no longer be issued by the Court or opposing counsel.'"

4. In the Motion (and numerous other pleadings) the Plaintiff continues her misapprehension and misreading of Rule 5 and this Court's Local Rules.  Such a misreading provides no basis to strike any of Defendants' pleadings.

5. The Court should simply deny the Motion.

WHEREFORE, Defendants respectfully request that the Court:

A. Deny Plaintiffs' Motion to Strike (Doc. #94); and

B. Grant such other relief as the Court deems just.

Respectfully submitted,

BANK OF AMERICA, N.A. and MEGAN SCHOLZ

By their attorneys,

PRIMMER PIPER EGGLESTON & CRAMER PC

Dated: February 9, 2022    By:   */s/ Thomas J. Pappas*
Thomas J. Pappas, Esq., N.H. Bar No. 4111
P.O. Box 3600
Manchester, NH 03105-3600
(603) 626-3300
tpappas@primmer.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANTS' OBJECTION TO PLAINTIFF'S REQUEST/MOTION TO STRIKE PLEADINGS has this day been forwarded via the Court's Electronic Case Filing System to:

Natasha Athens   Natasha4NHGov@protonmail.com

Dated: February 9, 2022    By:  */s/ Thomas J. Pappas*
Thomas J. Pappas, Esq., (N.H. Bar No. 4111)

2

5185835.1