UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Natasha Athens,
d/b/a Favorite Things,
    Plaintiff

    v.                                                Case No. 21-cv-748-SM
                                                          Opinion No. 2022 DNH 020

Bank of America, N.A. and
Megan Scholz,
    Defendants


**O R D E R**

Natasha Athens, appearing pro se, filed this action against Bank of America, N.A. ("BOA") and one of BOA's vice presidents, alleging that defendants erroneously determined that a loan she obtained through the Paycheck Protection Program ("PPP") was not eligible for forgiveness. By order dated January 21, 2022 (document no. 78) (the "Show Cause Order"), the court granted, in part, defendants' motion to dismiss and dismissed Athens' common law claims for fraud and intentional infliction of emotional distress. But, with respect to Athens' third claim (that is, her assertion that defendants improperly rejected her application for loan forgiveness), the court deferred ruling on defendants' motion.

As explained more fully in the Show Cause Order, it appears that Athens submitted conflicting tax documents to BOA. That is, in support of her loan <u>application</u> she supplied a document purporting to be a copy of her 2019 Form 1040, Schedule C. Subsequently, in support of her application for loan <u>forgiveness</u>, she provided a second (though markedly different) document also purporting to be her 2019 Form 1040, Schedule C. That discrepancy was material. Indeed it called into question Athens' eligibility for the original loan (and, not surprisingly, if Athens was not eligible for the loan in the first place, BOA was not authorized to approve that loan for forgiveness). Athens never explained why two different copies of her 2019 Schedule C existed, which one was accurate, or why she had submitted both of them to BOA. Nevertheless, in deference to Athens' pro se status, the court (again) afforded her the opportunity to supplement the record. Athens was given until February 21, 2022, to "directly, succinctly, and unequivocally" respond to three basic questions about those documents.

Despite the court's repeated efforts to allow Athens to flesh out the essential elements of her claim, she has steadfastly (if not defiantly) declined to do so, focusing instead on her misguided belief that she is entitled to a

default judgment on all claims advanced in her complaint.  Most recently, she has refused to respond to the court's Show Cause Order despite having been unambiguously warned that:

> should Athens fail to respond directly and unequivocally to the questions presented, the sole remaining claim in her complaint alleging entitlement to forgiveness of her PPP loan <u>will be dismissed</u> for failure to comply with the directives of the court and for failure to state a viable cause of action.

Show Cause Order at 12 (emphasis supplied).

The time for complying with the Show Cause Order has passed.  Athens has not responded – at least not in a meaningful or helpful way.  Instead, she remains unwavering in her refusal to comply with that order.  <u>See, e.g.</u>, Objection and Motion to Reconsider (document no. 79) at 3 ("The plaintiff does not have to prove herself at all, her actual loan proves itself."); Affidavit of Natasha Athens (document no. 83-1) at 2 ("The court is not privy to my taxes, nor can [it] require answers to them, or to what I filed . . . The court does not get to order anything other than the fact that I was legally given a PPP loan."); Plaintiff's Response (document no. 93) at 1 ("The judge sought illicit records, sought privileged records and none of that would have proved anything if the plaintiff complied [with the Show Cause Order].").

3

Given the state of the record, the court is left with no alternative but to grant the remainder of defendants' motion to dismiss (**document no. 33**).  Athens' claim relating to her asserted entitlement to loan forgiveness under the PPP is, therefore, dismissed.  See Fed. R. Civ. P. 12(b)(6) (failure to state a viable claim) and 41(b) (failure to comply with an order of the court).  Athens' motion to strike (**document no. 94**) is denied as moot.

The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

February 23, 2022

cc:  Natasha Athens, pro se
     Thomas J. Pappas, Esq.